**From:** PAMB_LiveDB@pamb.uscourts.gov,
**To:** Courtmail@pamb.uscourts.gov,
**Subject:** Ch-13 5:20-bk-03142-HWV -Jill Ann Musselman Amended Chapter 13 Plan
**Date:** Fri, Apr 2, 2021 11:37 am

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

## U.S. Bankruptcy Court

## Middle District of Pennsylvania

Notice of Electronic Filing

The following transaction was received from Jerry A. Philpott entered on 4/2/2021 at 11:37 AM EDT and filed on 4/2/2021
**Case Name:** Jill Ann Musselman
**Case Number:** 5:20-bk-03142-HWV
**Document Number:** 30

**Docket Text:**
First Amended Chapter 13 Plan (Includes no Motion(s) to Avoid Liens and no Motion(s) to Value Collateral) with Certificate of Service and Notice of Self Scheduled Hearing with Objection Deadline. *Correcting Notice Time* Notice served on 4/5/2021. Filed by Jerry A. Philpott on behalf of Jill Ann Musselman (RE: related document(s)[28]). Hearing scheduled for 05/05/2021 at 09:30 AM - U.S. Courthouse, 197 S. Main St. Wilkes-Barre, PA. Last day to Object to Plan Confirmation 4/28/2021. (Attachments: # (1) Notice Corrected per notice from court)(Philpott, Jerry)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** 21-04-01a 1st amended plan flattened for filing, per Jill's verbal ok.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1009835235 [Date=4/2/2021] [FileNumber=16713077-0
] [1ae18b6e3a7cefde2deb1713ca1a4640297006088e34a12cacb92b950230142b1fe
731b639caf29f336150304a69f1a937c700c65d40e36a31059de077908de4]]
**Document description:** Notice Corrected per notice from court
**Original filename:** C:\fakepath\21-04-02 Corrected Notice flattened.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1009835235 [Date=4/2/2021] [FileNumber=16713077-1
] [b595575fc4778a20a7ef5621d6333bb6d215c832a752392a2acb128129a2c97605e
cf564ddc6b2d8930a9b8cebb5df7909b9c7129aa0a35f3ba13181f4327bd3]]

**5:20-bk-03142-HWV Notice will be electronically mailed to:**

William E. Craig on behalf of Creditor Americredit Financial Services, Inc., d/b/a GM Financial
ecfmail@mortoncraig.com, mortoncraigecf@gmail.com

Charles J DeHart, III (Trustee)
TWecf@pamd13trustee.com

Jerry A. Philpott on behalf of Debtor 1 Jill Ann Musselman
PhilpottJ@aol.com, campbellsk57@aol.com

Rebecca Ann Solarz on behalf of Creditor U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust
bkgroup@kmllawgroup.com

United States Trustee
ustpregion03.ha.ecf@usdoj.gov

**5:20-bk-03142-HWV Notice will not be electronically mailed to:**

Americredit Financial Services, Inc. Dba GM Financial
Dba GM Financial
P.O Box 183853, TX 76096

Atlas Acquisitions LLC
492C Cedar Lane, Ste 442
Teaneck, NJ 07666

Fay Servicing, LLC
c/o McCalla Raymer Leibert Pierce, LLC
Bankruptcy Department
420 Lexington Avenue
Suite 840
New York, NY 10170

Rev. 12/01/19

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Jill Ann Musselman

CHAPTER 13

CASE NO. 5:20-bk-03142- RNO

___ ORIGINAL PLAN
_1st_ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

___ Number of Motions to Avoid Liens
___ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | Included | ✓ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | ✓ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | Included | ✓ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

Case 5:20-bk-03142-HWV    Doc 30    Filed 04/02/21    Entered 04/02/21 11:37:21    Desc
Case 5:20-bk-03142-HWV    Doc 32    Filed 04/07/21    Entered 04/07/21 11:00:24    Desc
Main Document    Page 3 of 19

Rev. 12/01/19

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $ 4,686 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 69,486, plus other payments and property stated in § 1B below:

   | Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | 11/2020 | 4/2021 | 781 | | 781 | 4,686 |
   | 5/2021 | 10/2025 | 1,200 | | 1,200 | 64,800 |
   | | | | | | |
   | | | | | | |
   | | | | | | |
   | | | | | Total Payments: | 69,486 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. CHECK ONE: ( ✓ ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

      ( ) Debtor is over median income. Debtor estimates that a minimum of $_____ must be paid to allowed unsecured creditors in order to comply with the Means Test.

2

B. <u>**Additional Plan Funding From Liquidation of Assets/Other**</u>

    1. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

**✓**    No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

___    Certain assets will be liquidated as follows:

    2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

    3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

**2. SECURED CLAIMS.**

A. <u>**Pre-Confirmation Distributions.**</u> *Check one.*

**✓**    None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

___    Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

3

Case 5:20-bk-03142-HWV    Doc 30    Filed 04/02/21    Entered 04/02/21 11:37:21    Desc
Case 5:20-bk-03142-HWV    Doc 32 Filed 04/07/21    Entered 04/07/21 11:00:24    Desc
Main Document    Page 5 of 19

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

**B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

✓ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Caliber Home Loans now DiTech Financial LLC | Residence | 1835 |
|  |  |  |
|  |  |  |

4

Rev. 12/01/19

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

___ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

✓ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Caliber Home Loans now DiTech Financial LLC | Residence | 41,000 | 0 | 41,000 |
|  |  |  |  |  |
|  |  |  |  |  |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

✓ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

___ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

5

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

✓ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*
___ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

6

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

F. <u>**Surrender of Collateral.**</u> *Check one.*

✓     None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___     The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. <u>**Lien Avoidance.**</u> *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

✓     None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

7

Case 5:20-bk-03142-HWV   Doc 30   Filed 04/02/21   Entered 04/02/21 11:37:21   Desc
Case 5:20-bk-03142-HWV   Doc 32   Filed 04/07/21   Entered 04/07/21 11:00:24   Desc
Main Document   Page 9 of 19

___ The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder | | | |
|---|---|---|---|
| Lien Description<br>For judicial lien, include court and docket number. | | | |
| Description of the liened property | | | |
| Liened Asset Value | | | |
| Sum of Senior Liens | | | |
| Exemption Claimed | | | |
| Amount of Lien | | | |
| Amount Avoided | | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. **Attorney's fees.** Complete only one of the following options:

      a. In addition to the retainer of $ 1,600 already paid by the Debtor, the amount of $ 1,500 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. **Other.** Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      ___ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

      ✓ The following administrative claims will be paid in full.

8

Case 5:20-bk-03142-HWV  Doc 30  Filed 04/02/21  Entered 04/02/21 11:37:21  Desc
Case 5:20-bk-03142-HWV  Main Document  Filed 04/07/21  Page 10 of 19  Entered 04/07/21 11:00:24  Desc

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

**B. Priority Claims (including, certain Domestic Support Obligations**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Porter-Tower Joint Municipal Authority | 2,425.38 |
|  |  |
|  |  |

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

✓ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

___ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

9

## 4. UNSECURED CLAIMS

### A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u> *Check one of the following two lines.*

**✓** None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

___ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |

### B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

**✓** None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

___ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

10

## 6. VESTING OF PROPERTY OF THE ESTATE.

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

✓ plan confirmation.
___ entry of discharge.
___ closing of case.

## 7. DISCHARGE: (Check one)

( ✓ ) The debtor will seek a discharge pursuant to § 1328(a).
(   ) The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

11

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: 4-1-2021    /s/ Jerry A. Philpott
                   Attorney for Debtor


                   /s/ Jill Ann Musselman
                   Debtor


                   _____
                   Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

12

Rev. 02/22/19

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

Jill Ann Musselman

Chapter: 13

Case No.: 5:20-bk-03142 HWV

Debtor(s)

## NOTICE

The confirmation hearing on the 1st Amended Plan ("Plan") has been scheduled for the Debtor(s) at the following date, time, and location:

Date: 5-5-2021    Time: 9:30

Location: US Courthouse 3rd floor, 228 Walnut St, Harrisburg, PA

The deadline for filing objections to confirmation of the Plan is: 4-28-2021.

Evidentiary hearings will not be conducted at the time of the confirmation hearing. If it is determined at the confirmation hearing that an evidentiary hearing is required, an evidentiary hearing will be scheduled for a future date.

A copy of the Plan is enclosed with this Notice. A copy may also be obtained from the case docket through PACER or from the Bankruptcy Clerk's Office.

Requests to participate in a hearing telephonically shall be made in accordance with Local Bankruptcy Rule 9074-1(a).

Date: 4-1-2021    Filed by: /s/ Jerry A. Philpott

**From:** PAMB_LiveDB@pamb.uscourts.gov,
**To:** Courtmail@pamb.uscourts.gov,
**Subject:** Ch-13 5:20-bk-03142-HWV -Jill Ann Musselman Notice to Filing Party
**Date:** Mon, Apr 5, 2021 11:05 am

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

## U.S. Bankruptcy Court

## Middle District of Pennsylvania

Notice of Electronic Filing

The following transaction was received from Radginski, Pamela entered on 4/5/2021 at 11:05 AM EDT and filed on 4/5/2021
**Case Name:** Jill Ann Musselman
**Case Number:** 5:20-bk-03142-HWV
**Document Number:** 31

**Docket Text:**
Notice to Filing Party (Jerry A. Philpott): Discrepancy between CM/ECF entry and uploaded PDF. The time date and location of the notice do not match the docket text.. (RE: related document(s)[30]). Clerks Office Follow-Up Due by 4/8/2021. (Radginski, Pamela)

The following document(s) are associated with this transaction:

**5:20-bk-03142-HWV Notice will be electronically mailed to:**

William E. Craig on behalf of Creditor Americredit Financial Services, Inc., d/b/a GM Financial
ecfmail@mortoncraig.com, mortoncraigecf@gmail.com

Charles J DeHart, III (Trustee)
TWecf@pamd13trustee.com

Jerry A. Philpott on behalf of Debtor 1 Jill Ann Musselman
PhilpottJ@aol.com, campbellsk57@aol.com

Rebecca Ann Solarz on behalf of Creditor U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF10 Master Participation Trust
bkgroup@kmllawgroup.com

United States Trustee
ustpregion03.ha.ecf@usdoj.gov

**5:20-bk-03142-HWV Notice will not be electronically mailed to:**

Americredit Financial Services, Inc. Dba GM Financial
Dba GM Financial

P.O Box 183853, TX 76096

Atlas Acquisitions LLC
492C Cedar Lane, Ste 442
Teaneck, NJ 07666

Fay Servicing, LLC
c/o McCalla Raymer Leibert Pierce, LLC
Bankruptcy Department
420 Lexington Avenue
Suite 840
New York, NY 10170

ntfp(09/19)

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, and trade):

Jill Ann Musselman                           Chapter 13

**Debtor(s)**                                Case number 5:20-bk-03142-HWV

### Notice To Filing Party

**Please take notice that:**

There was a discrepancy noted between the data entered in CM/ECF and what is shown on the pdf image attached to docket entry **#30**. **The time date and location of the notice do not match the docket text.** Failure to refile or amend your document may result in a delay in processing this matter.

| Address of the Bankruptcy Clerk's Office:<br>Max Rosenn U.S. Courthouse<br>197 South Main Street<br>Wilkes-Barre, PA 18701<br>(570) 831-2500 | For the Court:<br>Terrence S. Miller<br>Clerk of the Bankruptcy Court:<br>By: PamelaRadginski, Deputy Clerk |
|---|---|
| Hours Open: Monday – Friday 9:00 AM – 4:00 PM | Date: April 5, 2021 |

# Notice Recipients

District/Off: 0314-5  User: AutoDocketer  Date Created: 4/5/2021
Case: 5:20-bk-03142-HWV  Form ID: ntfp  Total: 1

**Recipients of Notice of Electronic Filing:**
aty   Jerry A. Philpott   PhilpottJ@aol.com

TOTAL: 1